

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL - 1 2019

CLERK, U.S. DISTRICT COURT

By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

BOBBY LYNN DOCKINS, §
§
Plaintiff, §
§
VS. § NO. 4:19-CV-213-A
§
J. JONES, WEATHERFORD DPS, §
ET AL., §
§
Defendants. §

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant Special

Agent Mitchel "Jay" Jones ("Jones") and the amended motion of

defendant Wesley Hamilton ("Hamilton") to dismiss. The court,

having considered the motions, the response[1] of plaintiff, Bobby

Lynn Dockins, the record, and applicable authorities, finds that

the motions should be granted.

I.

## Plaintiff's Claims

On March 13, 2019, plaintiff filed his complaint in this

action. Doc.[2] 1. The court granted plaintiff leave to proceed in

forma pauperis. Doc. 9. And, the court ordered plaintiff to file

an amended complaint, explaining in a simple way the rules of

---

[1]On June 14, 2019, the court received correspondence from plaintiff listing a number of cases. The item is docketed as item 26 on the docket sheet. The court interprets this to be plaintiff's response.

[2]The "Doc. __" reference is to the number of the item on the docket in this action.

pleading applicable to his case. Doc. 10. On April 1, 2019,

plaintiff filed his amended complaint. Doc. 12.

As best the court can tell, plaintiff alleges that

defendants seized his cell phone during a traffic stop, examined

it, and failed to return it to him. Plaintiff seeks

"compensation" and a dismissal of "all cases pertaining to this

matter." Doc. 1.

## II.

## Grounds of the Motions

Defendants urge that the court abstain from exercising

jurisdiction over this action as plaintiff seeks to have the

court intervene in an on-going state criminal prosecution against

him. They further urge that, in any event, they are each entitled

to qualified immunity.

## III.

## Analysis

Abstention under <u>Younger v. Harris</u>, 401 U.S. 37, 43 (1971),

is appropriate where: (1) a federal proceeding would interfere

with an ongoing state judicial proceeding; (2) the state has an

important interest in regulating the subject matter of the claim;

and (3) the plaintiff has the ability to raise constitutional

challenges in the state proceeding. <u>Bice v. Louisiana Pub.</u>

Defender Bd., 677 F.3d 712, 716 (5th Cir. 2012). In this case, all three prerequisites are met.

Defendants have shown, and the court takes judicial notice, that plaintiff is being prosecuted under Cause No. 16521B in the District Court of Palo Pinto County, 29th Judicial District, on charges arising out of the events he describes in his complaint in this action.[3] Doc. 21. The state has a strong interest in enforcing its criminal laws. Nobby Lobby, Inc. v. City of Dallas, 970 F.2d 82, 85 (5th Cir. 1992); DeSpain v. Johnston, 731 F.2d 1171, 1176 (5th Cir. 1984). And, plaintiff will have an adequate opportunity to raise his constitutional challenges in the state court proceedings. Bice, 677 F.3d at 716.

Defendants also maintain that they are entitled to qualified immunity. The court need not reach that ground, however, as it is clear that the court should abstain from intervening in the state court proceedings against plaintiff.

IV.

Order

The court ORDERS that defendants' motions to dismiss be, and are hereby, granted, and that plaintiff's claims be, and are

---

[3]Plaintiff admits as much as he is seeking to have the charges against him dismissed. Doc. 1.

hereby, dismissed pursuant to <u>Younger</u>, 401 U.S. 37.

SIGNED July 1, 2019.

_____
JOHN McBRYDE
United States District Judge